IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | No.: 4:11CR00400HEA |
| | ) | (DDN) |
| STERLING CLEGGETT | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S MOTION TO SUPRESS TITLE III EVIDENCE</u>**

COMES NOW Defendant, Sterling Cleggett, by and through counsel, Patrick S. Kilgore, and pursuant to Title 18 U.S.C. Section 2518 (10), and hereby moves this Court for an order suppressing and prohibiting the Government from introducing into evidence at trial any and all wire or oral communications in which Defendant and any other person or persons participated in or in which Defendant was referred to directly or indirectly, and all evidence derived from the information obtained from said electronically intercepted communications which had been in any manner used in obtaining the indictment against Defendant.  This includes, but is not limited to wiretaps and trap and trace for the numbers: 314-413-9499, 314-346-2224, 314-280-1128, 314-874-3842, 314-280-9912, 314-941-5324, 314-341-6454, 310-303-1935, and 310-245-2704; as well as, any other applicable numbers in Document No. 134, Government's Disclosure of Arguably Suppressible Evidence Pursuant to the Federal Rules of Criminal Procedure 12(b)(4), for the following reasons:

    1.    That the Applications for Interception of Wire and Electronic Communications failed to establish that non-intrusive investigatory procedures had been

unsuccessfully attempted or would be unreasonable or dangerous under the circumstances.  Title 18 U.S.C. Section 2528(1)(c) requires each application for an order authorizing or approving the interception of wire, oral, or communication to include a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or be too dangerous.

This requirement in Section 2528(1)(c) is not a formality.  See United States v. Clements, 588F.2d 1030 (5th Cir. 1979).  It compels the Government to inform the District Court of the common investigative techniques used and to explain why in a given case each has been unsuccessful, unlikely to succeed, or too dangerous to use.  See United States v. Kalustian, 529 F.2d 585 (9th Cir. 1975) and United States v. McLee, 436 F.3d 751 (7th Cir. 2006) (wiretaps are 'not to be routinely employed at the initial step' in a criminal investigation) (quoting United States v. Giordano, 416 U.S. 505 (1974).)

In this case, Affidavits establish that normal investigative techniques and procedures such as surveillance were attempted; these techniques could have worked to accomplish every purpose lawfully open to the investigative agents of the Government.  The Government contends that alternative techniques have been proven valuable in identifying some activities; however, it is of limited value and additional techniques are required.  This assertion of limited success does not support the finding of necessity required for Section 2518.  Moreover, a combination of other techniques, including proffers of co-conspirators, have routinely been used by the Government to determine the true nature and extent of a conspiracy and to determine the role of its participants.

2.     The Ten Day reports filed by the Government reveal that the interceptions were not made in conformity with the Orders of Authorization, which specified that they be conducted in such a manner as to minimize the interceptions of communications not otherwise subject to the Interception Order pursuant to Title 18 U.S.C., Section 2518. Based on the pleadings filed by the Government, the interception of conversations pertaining to and/or referring directly and/or indirectly to the Defendant were virtually continuous and uninterrupted and were therefore, violated the Order authorizing the said interceptions.

The type of interception utilized by the Government in this case went beyond the scope of the application.  Pursuant to 18 U.S.C. Section 2518 (a)(b)(iii), no order for interception can be issued unless the application contains "a particular description of the type of communications sought to be intercepted."  The order is without jurisdiction and void, together with all evidence of calls to other numbers and persons.

The issues contained in this motion have been set forth in the Formal Disclosure of Arguably Suppressible Evidence file by the Government pursuant to Rule 12 of the Federal Rules of Criminal Procedure.  The undersigned believes that the contents of the electronic surveillance are arguably subject to suppression.

Defendant submits that the above defects are fundamental and serve to undermine the intent of Congress that interception of wire communications be circumscribed and subject to exacting judicial supervision.  See United States v. Giordano, 416 U.S. 505 (1974); United States v. West, 813 F.2d 477 (1st Cir. 1987).

WHEREFORE, and for all of the foregoing reasons, Defendant prays that the evidence procured by virtue of any wiretap orders be suppressed in accordance with the

provisions of 18 U.S.C. Section 2518(10)(a), and that upon suppression of such evidence, the case against the Defendant be dismissed.

                                         Respectfully Submitted,

                                         FERGUSON & KILGORE, LLC

                                         s/ Patrick S. Kilgore
                                         By: Patrick S. Kilgore, # 44150MO
                                         200 S. Bemiston, Suite 310
                                         Clayton, Missouri 63105
                                         (314) 421-6900
                                         (314) 421-6901 - Fax
                                         ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

       I hereby certify that on April 20, 2012, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Ms. Tiffany Becker, Assistant United States Attorney.

                                         s/ Patrick S. Kilgore
                                         Patrick S. Kilgore, # 44150MO
                                         200 S. Bemiston, Suite 310
                                         Clayton, Missouri 63105
                                         (314) 421-6900
                                         (314) 421-6901 Facsimile
                                         ATTORNEY FOR DEFENDANT