RECEIVED
SEP 11 2012
BY MAIL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. S1-4:11 CR 00400 HEF |
| STERLING T. CLEGGETT | ) |
| Defendant. | ) |

### PRO SE POST-HEARING BRIEF

COMES NOW Defendant, STERLING T. CLEGGETT, and hereby files this Pro Se Post-Hearing Brief.

### I.   INTRODUCTION

Defendant Sterling T. Cleggett moves to suppress all contents of any electronic surveillance. During the course of this investigation there were a total of two (2) cellular telephone numbers that were subject to wire interception pursuant to the Wiretap Act (18 U.S.C. § 2510-2522). Contained within the request for wire interceptions of communications under the Wiretap Act, there were additional requests for "Cell Site" information for each particular cell phone pursuant to 18 U.S.C. § 2703(c) and (d) of the Stored Communication Act ("SCA"). However, the Wiretap Act prohibits this information and

the "SCA" does not govern it. In the present case, Mr. Cleggett will demonstrate as well as show, in fact, that the government requested, was granted and had access to information under a statute that does not govern it and violated the Wiretap Act.

## II ARGUMENT

The wire communications should be suppressed because the government violated the Wiretap Act. In the government's request under the Wiretap Act, an additional request was made to obtain "Cell Site" information, which is a form of mobile tracking, under the "SCA". However, the wiretap statute (18 U.S.C. § 2510 (12)(c)) prohibits any information from a tracking device. The Wiretap Act only allows lawful interception of telephone conversations, which only concern the contents of wire communication as defined by the Wiretap Act. In the government's affidavit to support the wire interception, the government stated: "Location data from cellular telephones coupled with Court authorized title III interception will reveal not only the location, but why the target subject is at the location, identifying the significance of the travel and the precise location identified through the cellular tower

data. While cellular tower information will be utilized to assist investigators in surveillance, location information on target telephone #1 alone will not lead to the accomplishment of the goals of the investigation unless combined with wiretap interceptions". By the government having access to the said information, this violates the Wiretap Act.

The Electronic Communication Privacy Act defines the definition of a "tracking device": tracking device means an electronic or mechanical device which permits the tracking of the movement of a person or thing. (This definition is concise and straitforward.) Since "cell site" information is keyed off the GPS feature of a person's cell phone and can give a person's location within meters, "cell site" information clearly fits within the definition of a tracking device. By the above information being facts and true, this clearly shows that the government violated § 2510 (12)(c) of the Wiretap Act by including information from a tracking device within the orders and applications for interceptions of wire communication pursuant to 18 U.S.C. § 2703 (c) and (d) of the "SCA".

## III  ARGUMENT

"Cell Site" information was requested pursuant to 18 U.S.C. § 2703(c) and (d) of the "SCA". The problem with this is the "SCA" only concerns access to stored communications and transactional records. The "SCA" pertains to information that is storage, not information that will be created in the future related to future communications. Since "Cell Site" information can give a person's location within meter's and real-time, cell site information does not fit within the "SCA" statute, unless it's pertaining to historical cell site information

To be entitled to a warrant for disclosure of cell site location information, the government needs the following requirements: prospective warrant may only last 45 days, notice on the person being tracked is required, warrants must be returned to the Magistrate Judge identified on the warrant, and most of all warrants must be "stand alone" documents and not be included as part of another application. Information pertaining to a tracking device as defined in 18 U.S.C. § 3117 is governed by Federal Rule of Criminal Procedure 41. (727 F. Supp. 2d 571) (W.D. Tex. 2010).

The information sought under the "SCA" within the wiretap orders and application not only violates the Wiretap Act, but also the "Cell Site" data does not pertain to the "SCA" and therefore, the wiretap orders and applications should not have been granted. While the cell phone was not originally conceived as a tracking device, the agents converted it to that purpose by monitoring "Cell Site" data. By converting cell phones into a tracking device without the proper warrants raises serious Fourth Amendments concerns, especially when the phone was monitored in the home or other places where privacy was reasonably expected.

## CONCLUSION

Since Congress passed Title III specifically to protect privacy, Congress also created a strong suppression remedy (§ 2515). Congress called for suppression of any interception taken in violation of Title III (§ 2515 of the Wiretap Act) and applies it to suppress evidence directly or indirectly in violation of the chapter. The defendant moves the Court to suppress all and any electronic surveillance due to the fact

that the government violated the Wiretap Act by requesting information prohibited by the Wiretap statute as well as the wrong statute.

WHEREFORE, Defendant, Sterling T. Cleggett, respectfully requests this Court to enter an order as to this Defendant suppressing all information and evidence derived from all Title III wiretap applications and orders in which Defendant and any other individuals participated in or which Defendant was referred to directly or indirectly in which cell phone tracking data was used in combination with wire interceptions.

Respectfully submitted,
s/ Sterling T. Cleggett
Sterling T. Cleggett
Defendant